**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEMETRIUS BAILEY | |
| Appellant | No. 764 WDA 2016 |

Appeal from the PCRA Order dated April 20, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006409-1994
CP-02-CR-0008102-1994

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED APRIL 7, 2017**

Appellant, Demetrius Bailey, appeals *pro se* from the order dismissing as untimely his sixth petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S. §§ 9541-46.  We affirm.

On December 20, 1994, a jury convicted Appellant of second-degree murder in the shooting death of Michael Sayles.  That same day, the trial court sentenced Appellant to mandatory life imprisonment.  Appellant filed a direct appeal.  This Court affirmed Appellant's judgment of sentence on November 20, 1995.  ***Commonwealth v. Bailey***, 673 A.2d 398 (Pa. Super. 1995) (unpublished memorandum).  Appellant filed a petition for allowance

---

[*] Retired Senior Judge assigned to the Superior Court.

of appeal, which the Supreme Court denied on April 23, 1996. *Commonwealth v. Bailey*, 675 A.2d 1241 (Pa. 1996).

Thereafter, Appellant filed several petitions in which he sought post-conviction relief. Most recently, on November 5, 2014, Appellant filed the *pro se* PCRA petition presently before us. The PCRA court issued notice of its intention to dismiss this petition pursuant to Pa.R.Crim.P. 907, and dismissed the petition on April 20, 2016. This timely appeal followed.

Appellant presents three issues for review:

1. Whether the abandonment of petition by state appellate counsel in the first PCRA violated petitioner's constitutional right to effective assistance of counsel on PCRA, thus, warranting a reinstatement of his appellate rights?

2. Did the imposition of petitioner's life without parole sentence for a homicide offense violate the Eighth and Fourteenth Amendments prohibition against cruel and unusual punishments under the United States Constitution and Article 1 § 13 of the Pennsylvania Constitution?

3. Whether the lower court is in violation of petitioner's due process and equal protection rights for failure to send a copy of notice of intent to dismiss so petitioner can respond and failure to address supplemental amended PCRA and failure to furnish the Superior Court with complete record making petitioner's appeal process ineffective.

Appellant's Brief at 3.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error." *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (quoting *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011)). The PCRA court's findings will not be disturbed unless there is no support for the findings in

the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is frivolous and without support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S. § 9543(a)(2). ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999). In addition, the petition must be timely, as the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S. Sections 9545(b)(1)(i), (ii), and (iii), is met. 42 Pa.C.S. § 9545.[1] A PCRA petition invoking one of these statutory exceptions must

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

*(Footnote Continued Next Page)*

"be filed within 60 days of the date the claims could have been presented."

*See Hernandez*, 79 A.3d 651-652 (citations omitted); *see also* 42 Pa.C.S. § 9545(b)(2). The petitioner seeking to file an untimely PCRA petition bears the burden to allege and prove that one of the timeliness exceptions applies. *Commonwealth v. Whitehawk*, 146 A.3d 266 (Pa. Super. 2016).

Relative to the underlying appeal, this Court, in a prior decision, determined that Appellant's judgment of sentence became final on July 22, 1996, and Appellant "had one year from this date to file any petition for collateral relief unless he pleaded and proved a timing exception applied." *Commonwealth v. Bailey*, 984 A.2d 1006 (Pa. Super. 2009) (unpublished judgment order). Because Appellant did not file the petition at issue until December 4, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, 79 A.3d at 651.

_____
*(Footnote Continued)*

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

In his petition, Appellant fails to explain why his untimely PCRA petition should be exempted from the one-year filing period. Within his brief, Appellant summarizes his argument as follows:

Appella[nt] is challenging that the abandonment of appellate counsel violated his constitutional rights to counsel in his first PCRA denying him ineffective assistance of counsel in which he is entitled to reinstatement of his appellate rights. The court sentence[d] petitioner to an illegal sentence base[d] on unconstitutional statutes and laws and that the Juvenile Act applies to his LWOP [that is, his sentence of life without parole] in violation of the Eighth Amendment that a child under (21) years is a delinquent and entitled to a hearing in juvenile court before adult court under a new substantial rule of constitutional law made retroactive.

Appellant's Brief at 6.

In the body of his argument, Appellant generally claims that he is invoking the exceptions to the time bar of the PCRA at Section 9545(b)(ii) (newly discovered evidence), and (iii) (newly recognized constitutional right). Appellant's Brief at 7. He also states that his "Nunc Pro Tunc [petition] was filed within the statutory time restraints of (60) days set forth in §9545(b)(2)." *Id.* Appellant then references *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016),[2] and claims that his life-without-parole sentence is unconstitutionally invalid. Appellant's Brief at 8. Finally,

_____

[2] *Miller v. Alabama*, 132 S. Ct. 2455 (2012), held that sentences of mandatory life imprisonment without parole imposed upon juveniles who were under the age of 18 at the time they committed murder were unconstitutional; *Montgomery v. Louisiana* held that the application of *Miller v. Alabama* is retroactive.

Appellant contends that the PCRA court erred by failing to send him a copy of the Rule 907 notice of intent to dismiss Appellant's petition and failure to file a Rule of Appellate Procedure 1925(a) opinion. *Id.* at 16.

Appellant's argument is undeveloped and meritless. First, he fails to articulate or specify how and when, within the statutorily prescribed 60 days, he learned that he was entitled to relief which fell within an exception to the PCRA's time bar. We note that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005). With regard to Appellant's reference to *Montgomery v. Louisiana* and his life without parole sentence, Appellant was 20 years old when he committed murder.[3] The right of juveniles not to be sentenced to lifetime incarceration that was at issue in *Montgomery* does not apply to individuals who were 18 or older at the time they committed murder. *See Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). Further, any deficiencies in the PCRA court's service of a Rule 907 notice or failure to file a Pa.R.A.P. 1925(a) opinion are not reversible error when the record is clear that the petition is untimely. *See, e.g., Commonwealth v. Ziegler*, 148 A.3d 849 (Pa. Super. 2016).

---

[3] Appellant was born on July 9, 1973, and fatally shot Michael Sayles on May 5, 1994. Criminal Complaint, 5/5/94.

Because Appellant's most recent petition is untimely and fails sufficiently to plead and prove an exception to the PCRA time bar, Appellant is not entitled to relief. We therefore affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017